Max and Edith Birenbach v. Commissioner.
Birenbach v. Commissioner
Docket No. 69971.
United States Tax Court
T.C. Memo 1960-123; 1960 Tax Ct. Memo LEXIS 167; 19 T.C.M. (CCH) 647; T.C.M. (RIA) 60123; June 9, 1960
*167 Max Birenbach, pro se, 412 Broadway, New York, N. Y. Norman L. Rapkin, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1953 in the amount of $3,140.30, of which approximately $2,800 is in controversy. The only issue is whether petitioners are entitled to deductions for the alleged payment of the debts of a brother of petitioner Max Birenbach, hereinafter called petitioner, to suppliers of a corporation controlled by petitioner. Findings of Fact During the period here involved, petitioner was the controlling stockholder of a corporation entitled J. Birenbach & Sons, Inc., hereinafter sometimes referred to as the corporation. The return for the year in controversy appears to have been filed with the district director of internal revenue for the lower Manhattan district of New York. The corporation purchased some of its supplies from Klopman Mills, Inc., and J. P. Stevens Co., Inc. Fred Birenbach, petitioner's brother, had been a stockholder of the corporation. His interest was sold to petitioner in 1950 or 1951. At about that time Fred went into *168 business for himself with no connection with the corporation or petitioner but engaging in the same general kind of business as the corporation and with the same general sources of supply. Fred discontinued business in 1951 or 1952, at which time he was indebted to Klopman Mills, Inc., and J. P. Stevens Co., Inc., on account of purchases made personally by him from them. These debts were ultimately paid. Opinion Petitioner has claimed a deduction for amounts paid to two creditors of his brother. We have made no findings of fact as to the year when or by whom these amounts were paid, or as to how much was owing in the first place, and how much was paid in the second, because the record is inadequate to conclude that petitioner has sustained his burden of proof as to any such facts. But be that as it may, there are other insuperable impediments to petitioner's success. If the corporation made any payments, petitioner of course, as an individual, could not deduct them since the business of a corporation and that of its stockholders is separate. . For similar reasons, if petitioner made the payments to safeguard the business of the corporation, *169 they would be more in the nature of advances to, or investments in, the corporation and nothing appears here to justify allowing them as petitioner's own business expense. , affirmed per curiam (C.A. 9) , certiorari denied . For all that appears, they were voluntary payments on his part for which he could have recovered from the corporation or, indeed, possibly from his brother who was the primary obligor. No factual or legal justification appears, on the basis of which we could sustain petitioner's claim. Decision will be entered for the respondent.